PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD ARNOLD BUSH, | ) | |
| | ) | CASE NO. 4:16CV0596 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro Se* Plaintiff Richard Arnold Bush filed this *Bivens*[1] action against Corrections Corporation of America ("CCA");[2] NEOCC; NEOCC Clinical Supervisor Lacey Steepleton; and, NEOCC Acting Warden Dennis Johnson. Plaintiff was a federal inmate incarcerated at NEOCC at all times relevant to this action.[3] In the Complaint (ECF No. 1), Plaintiff alleges his

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) provides federal inmates and detainees with a cause of action analogous to 42 U.S.C. § 1983.

[2] A private corporation that owns and operates the Northeast Ohio Correctional Center ("NEOCC").

[3] According to the Bureau of Prisons ("BOP") website (http://www.bop.gov/inmateloc/ (last visited June 15, 2016)), Plaintiff is currently not in BOP custody.

Plaintiff has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412

(continued...)

(4:16CV0596)

constitutional rights were violated while he was a detainee at NEOCC because he was not given his daily dose of insulin during his 2015 criminal trial in the Western District of Pennsylvania. He seeks injunctive and monetary relief. For the reasons stated below, Plaintiff's action is dismissed pursuant to 28 U.S.C. § 1915(e).

### I. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative

---

    [3](...continued)
F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).

(4:16CV0596)

level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## II. Law and Analysis

Assuming *arguendo* that Plaintiff's allegations are sufficient to characterize a constitutional claim(s), he has not alleged a cognizable *Bivens* claim in the case at bar under the Supreme Court's decisions in *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), and *Minneci v. Pollard*, --- U. S. ---- , 132 S. Ct. 617 (2012). In *Malesko*, the Supreme Court held that a private corporation that operates a federal prison cannot be sued for damages under *Bivens*. The Court reasoned that the purpose of *Bivens* is to deter individual federal officials, not entities such as the United States or its agencies, the Bureau of Prisons, or private entities that operate federal prisons, from committing violations of constitutional rights. Accordingly, pursuant to *Malesko*, Plaintiff has not alleged a cognizable federal *Bivens* claim against either CCA or NEOCC. *Malesko*, 534 U.S. at 70-74.

Furthermore, in *Minneci*, the Supreme Court held that a federal prisoner could not assert a *Bivens* claim against individual employees of a private prison because state tort law provided an alternative existing process capable of protecting the constitutional interests at stake in such instance. The Court noted it had "found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located," including Ohio. *Minneci*, 132 S. Ct. 617, 624-25. The Court held "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated

3

(4:16CV0596)

federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law" and may not pursue relief under *Bivens*. *Id.* at 626. Thus, under *Minneci*, Plaintiff has not alleged a cognizable *Bivens* claim against NEOCC Clinical Supervisor Lacey Steepleton or NEOCC Acting Warden Dennis Johnson as his allegations pertaining to his medical care fall within the purview of state tort law.

### III.  Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 June 16, 2016                              */s/ Benita Y. Pearson*
Date                                              Benita Y. Pearson
                                                         United States District Judge

4